IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JIMMY LEE DAVIS, #51030                                    PLAINTIFF

VERSUS                          CIVIL ACTION NO. 4:09cv91-TSL-LRA

WARDEN DALE CASKEY                                         DEFENDANT

## OPINION and ORDER

On July 1, 2009, the plaintiff filed a complaint [1] pursuant to 42 U.S.C. § 1983 and requested in forma pauperis [2] status. An order [3] was entered on July 7, 2009, denying plaintiff's request to proceed in forma pauperis and directing him to pay the filing fee within 30 days from the entry of that order. The plaintiff was warned that failure to comply with the order could lead to the dismissal of the instant civil action.

Upon a review of the record, this court found that the plaintiff had failed to comply with the order [3] entered on July 7, 2009. Therefore, out of an abundance of caution, this court provided the plaintiff with another opportunity to comply with the order [3] entered on July 7, 2009, when it entered an order to show cause [4] on September 1, 2009, directing the plaintiff to pay the filing fee on or before September 23, 2009. Once again, the plaintiff has failed to comply with an order of this court even though he was warned that this was his final opportunity to comply with this court's order [3] of July 7, 2009, and if he did not comply with the orders [3 & 4] the instant civil action would be dismissed without prejudice and without further notice to him.

The plaintiff has failed to comply with two court orders. Therefore, this court finds from the plaintiff's failure to comply with the orders of this court and failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the __15th__ day of October, 2009.

                                        /s/Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE